## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **ALEXANDER V. DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 4:21CV1065 HEA** |
| | ) |
| **KILOLO KIJAKAZI,**[1] | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court for judicial review of the final decision of the

Commissioner of Social Security denying the application of Plaintiff for disability

insurance benefits under Title II, 42 U.S.C. §§ 401-434 and supplemental security

income benefits under Title XVI, 42 U.S.C. §§ 1381-1385. The Court has reviewed

the filings and the administrative record as a whole, which includes the hearing

transcript and medical evidence. The decision of the Commissioner will be

affirmed.

---

[1]  Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Background**

Plaintiff applied for disability and  supplemental social security income

(SSI) On February 19, 2020. A hearing was held on November, 2020, via

telephone, in front of an Administration Law Judge (ALJ). In an opinion issued on

January 25, 2021, the ALJ determined that Plaintiff was not under a disability at

any time from his alleged onset date of July 31, 2016. In her decision, the ALJ

found Plaintiff had the severe impairments of degenerative disc disease of the

spine, osteoarthritis of the cervical spine with cervical spasm, a Chiari

malformation, chronic bilateral knee pain, and obesity. The ALJ further found

Plaintiff has the non-severe impairments of bilateral leg edema and peroneal

tendinitis of the right leg. The ALJ found that Plaintiff does not have an

impairment or combination of impairments that meets or medically equals the

severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1. While the ALJ found none of Plaintiff's impairments met or

medically equaled a listed impairment, the ALJ did find some limitations.

Specifically, the ALJ found Plaintiff retained the residual functional capacity

("RFC") to perform light work,  except that he can only occasionally climb

ladders, ropes, or scaffolds.  He can frequently climb ramps and stairs, balance,

stoop, kneel, crouch, and crawl.  He must avoid concentrated exposure to

unprotected heights, hazardous machinery, and moving mechanical parts.

Based on vocational expert testimony, the ALJ found Plaintiff could not perform his past work as a medium-duty semi-skilled forklift operator and a heavy-duty semi-skilled loader/unloader, but he could perform work such as a ticket seller, price marker, and photocopy machine operator.

Plaintiff filed a timely Request for Review of Hearing Decision, and the Appeals Council denied the request for review. Plaintiff has exhausted all administrative remedies. The decision of the ALJ stands as the final decision of the Commissioner.

## Legal Standard

To be eligible for SSI under the Social Security Act, Plaintiff must prove that [s]he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual will be declared disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At Step One, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. At Step Two, the ALJ considers whether the claimant has a "severe" impairment or combination of impairments. At Step Three, the ALJ determines whether the severe impairment(s) meets or medically equals the severity of a listed impairment; if so, the claimant is determined to be disabled, and if not, the ALJ's analysis proceeds to Step Four. At Step Four of the process, the ALJ must assess the claimant's residual functional capacity (RFC) – that is, the most the claimant is able to do despite her physical and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and determine whether the claimant is able to perform any past relevant work. *Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at the fourth step of process).

The claimant bears the burden through Step Four of the analysis. If [s]he meets this burden and shows that [s]he is unable to perform [her] past relevant work, the burden shifts to the Commissioner at Step Five to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with [her] impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 F.3d at 968. Additionally, the Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision; the Court may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *Id; see also Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017).

**Residual Functional Capacity (RFC)**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations.  *See* 20 C.F.R. § 404.1545.  An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p.

## Statement of the Issues

The issues in a Social Security case are whether the final decision of the

Commissioner is consistent with the Social Security Act, regulations, and

applicable case law, and whether the findings of fact are supported by substantial

evidence on the record as a whole. The issue here is whether the ALJ relied on

dated opinions from non-treating, non-examining physicians who lacked access to

the majority of the medical evidence available at the time of the hearing.

## Discussion

Although Plaintiff contends the ALJ relied almost exclusively on state-

agency non-examining physicians in determining Plaintiff's limitations, the record

belies Plaintiff's position. Admittedly, the ALJ found these opinions persuasive,

however, the decision was not based almost exclusively on these opinions.  The

ALJ considered the objective medical findings, examination findings, Plaintiff's

testimony, his treatment and response to that treatment, Plaintiff's activities, prior

objective findings, and the state-agency non-examining physician findings.

Plaintiff testified he can lift and carry up to 30 pounds; the ALJ's light work

limitation would necessarily encompass less than what Plaintiff admits he can lift.

The record establishes that Plaintiff went without treatment.  Plaintiff had no

edema in April 2017, no back pain in May 2018 and his neck and musculoskeletal

range of motion was normal.

He reported no neck pain or headaches in November 2019 and had normal range of motion.  Plaintiff's lumbar spine x-rays were normal in January 2020. While he had reduced lumbar spine range of motion in January 2020, he had negative straight leg raising.  Other than a reduction in the normal curvature on cervical spine imaging, the imaging was normal. Plaintiff had physical therapy in February 2020 which improved his range of motion and decreased pain.  Although Plaintiff reported increased pain after cleaning a flooded basement, his pain improved because the work was finished.

In August 2020, Plaintiff had reduced range of motion, and the MRI was performed.  It revealed  moderate disc protrusion at L3-L4 causing mild spinal canal stenosis and contact with the nerve root at L4; a small disc protrusion at L4-L5 contacting the L5 nerve root; and severe right and mild to moderate left neuroforaminal stenosis at L5-S1 due to facet joint osteoarthritis.

The ALJ in fact considered the August 2020 MRI findings.  She noted that the findings supported radicular back pain; however, the findings did not support debilitating pain.  While Plaintiff disagrees with the ALJ's assessment, the ALJ articulated her reasoning for the finding.  Plaintiff testified at the hearing that he could lift and carry 30 pounds.  She specifically discussed Plaintiff's testimony regarding leg numbness and daily reclining but found there was no evidence to support Plaintiff's testimony.

The ALJ observed that Plaintiff responded well to physical therapy and that his activities of doing chores, preparing simple meals, mowing the lawn, driving, grocery shopping, watching television, playing computer games, and socializing with friends detracted from his claims of debilitating pain.  Indeed, the ALJ noted that Plaintiff does not use an assistive device.

The ALJ discussed the overall medical record at length, including outlining the above. Although the ALJ concluded the objective findings fail to support Plaintiff's allegations of disabling symptoms and limitations, the ALJ acknowledged that does not mean no limitation is warranted and properly determined the RFC based on the record as a whole.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir. 2011).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED.**

A separate judgment shall be entered incorporating this Memorandum and

Order.

Dated this 26th day of September 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE